People v Lopez (2020 NY Slip Op 01186)





People v Lopez


2020 NY Slip Op 01186


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08634
2017-08635
2017-08636
2017-08637

[*1]The People of the State of New York, respondent,
v
Kareem Lopez, appellant. (S.C.I. Nos. 1115/17, 1117/17, 1119/17, 1120/17)


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Eddie Cando on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from four sentences of the Supreme Court, Queens County (Suzanne J. Melendez, J.), all imposed June 28, 2017, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265; People v Brown, 122 AD3d 133, 145-146). The Supreme Court conflated the waiver of the right to appeal with the defendant's waiver of his right to a trial and failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Baker, 174 AD3d 914; People v Alston, 163 AD3d 843, 843-844). Although the record of the proceedings reflects that the defendant authorized his attorney to execute a written waiver of his right to appeal, such act does not, by itself, establish that the defendant gave up his right to appeal knowingly, intelligently, and voluntarily (see e.g. People v Brown, 122 AD3d at 145). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claims (see People v Fuller, 163 AD3d 715, 715). However, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court